UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────X

MICHAEL DONNEL WESLEY,

        Plaintiff,

-against-

DETECTIVE IVAN BORBON,
DETECTIVE FRIENDRICK, DETECTIVE MOHON,
THE PEOPLE OF THE STATE OF NEW YORK,

        Defendants.
───────────────────────────────X

**MEMORANDUM AND ORDER**
05-CV-4072 (DGT)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 26 2005 ★

P.M. _____
TIME A.M. _____

TRAGER, J.

Plaintiff, presently incarcerated at Rikers Island and appearing *pro se*, filed the instant complaint on August 16, 2005. Plaintiff is a frequent litigant in this Court, and the instant complaint raises a claim that has already been dismissed by this Court: that he was unlawfully arrested on April 28, 2002. See Wesley v. Borbon, et al., No. 03-CV-0079 (DGT) (false arrest claim dismissed for failure to state a claim on November 12, 2003). In the instant complaint, plaintiff also names the People of the State of New York as a defendant and claims that he was maliciously prosecuted pursuant to the April 28, 2002 arrest. Compl. ¶ II.D. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), but dismisses the complaint for the reasons set forth below.

**DISCUSSION**

A.    Standard of Review

Under 28 U.S.C. § 1915A, this Court has the authority to review a prisoner's complaint in order to identify any cognizable claims or dismiss the complaint, or any portion thereof, if it: (1) is

frivolous, malicious or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. As plaintiff is proceeding *pro se*, this Court is obliged to construe his pleadings liberally, particularly as they allege civil rights violations. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) (citing Weinstein v. Albright, 261 F.3d 127, 132 (2d Cir. 2001)). Thus, this Court must interpret plaintiff's pleadings as raising the strongest argument they suggest. Id.

B.  Res Judicata

Plaintiff's false arrest claim is barred by *res judicata*. *Res judicata* prevents a plaintiff from "relitigating issues that were or could have been raised" in a prior action against the same defendant. St. Pierre v. Dyer, 208 F.3d 394, 399-400 (2d Cir. 2000) (quoting Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)). Here, plaintiff names Detective Borbon and two officers of the 106th Precinct as defendants, while in a prior action concerning his allegedly false arrest on April 28, 2002, plaintiff also named Detective Borbon and the 106th Precinct. See Wesley, No. 05-CV-0079 (DGT). Plaintiff's false arrest claim is the same as the claim already dismissed by this Court. See Id. (E.D.N.Y. Nov. 12, 2003). Accordingly, plaintiff's false arrest claim is barred by *res judicata*. See Cieszkowska v. Gray Line New York, 295 F.3d 204 (2d Cir. 2002) (where a plaintiff's claims in the first and second complaints involve the same events, the claims in a plaintiff's second *in forma pauperis* complaint are barred by *res judicata*). Plaintiff cannot relitigate this claim.

C.  Eleventh Amendment Immunity

Moreover, plaintiff's claim against the People of the State of New York is dismissed. The Eleventh Amendment of the United States Constitution bars suits in a federal court by private parties against that state or one of its agencies, absent consent to such a suit or an express statutory waiver

2

of immunity. Bd. of Trs. of Univ. of Alabama v. Garrett, 531 U.S. 356, 362 (2001); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996). The State of New York has not consented to suit in federal court. Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 38-40 (2d Cir. 1977). Therefore, plaintiff's claim for damages against this defendant is dismissed under the Eleventh Amendment. 28 U.S.C. § 1915A(b)(2).

D.  Plaintiff's Litigation History

In addition to the instant action, plaintiff has filed five other cases in this district in the past two years, three of which were dismissed as frivolous or malicious or for failure to state a claim. See Wesley v. Riordan, No. 05-CV-3958 (DGT) (dismissed September 7, 2005); Wesley v. Acting Warden, et al., No. 05-CV-3099 (DGT) (dismissed September 11, 2003); Wesley v. Earlbaum, et al., No. 03-CV-2559 (DGT) (dismissed September 11, 2003 as frivolous and on grounds of immunity); Wesley v. Ferino, No. 03-1467 (dismissed April 21, 2003 for failure to state a claim and on grounds of immunity); Wesley v. Borbon, et al., 03-CV-0079 (DGT) (dismissed November 12, 2003 as frivolous or malicious and for failure to state a claim). Under 28 U.S.C. 1915(g), a prisoner shall not bring a civil action requesting *in forma pauperis* status "if the prisoner has on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." See Tafari v. McGinnis, No. 02 Civ. 1733 (HB), 2003 WL 21180398, at *1 (S.D.N.Y. May 19, 2003); Newman v. Holder, 101 F. Supp. 2d 103, 107-08 (E.D.N.Y. 2000). See also Welch v. Galie, 207 F.3d 130, 132 (2d Cir. 2000) (holding that the "three strikes" provision applies retroactively and that a lawsuit dismissed prior to enactment of the provision may

3

nevertheless be counted). Accordingly, plaintiff may not file a new civil action requesting *in forma pauperis* status unless his complaint alleges that he is under imminent danger of serious physical injury.

## CONCLUSION

Accordingly, plaintiff's complaint is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

S/David G. Trager

David G. Trager
United States District Judge

Dated: Brooklyn, New York
September 19, 2005